```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW JERSEY


GEORGE W. STOKES,              │  No. 19-cv-20600(NLH)
                               │
        Plaintiff,             │
                               │
   v.                          │  OPINION
                               │
PHILIP ELDRED, et al.          │
                               │
        Defendants.            │
```

APPEARANCE:

George W. Stokes
Inmate No. 260218
Atlantic County Jail
5060 Atlantic Avenue
Mays Landing, NJ 08330

   *Plaintiff, pro se*

HILLMAN, District Judge

   Plaintiff George Stokes, a pre-trial detainee at Atlantic County Jail, seeks to commence a civil action pursuant to 42 U.S.C. § 1983 against Philip Eldred, a New Jersey state inmate; Brendan Shur, Eldred's criminal defense attorney; the Law Offices of John J. Zarych, Shur's employer; Atlantic City Detective Eric Price; and the Atlantic County Prosecutor's Office.  ECF No. 1.  Plaintiff, proceeding in forma pauperis, alleges various constitutional and statutory violations.  For

the reasons below, after screening pursuant to 28 U.S.C. § 1915(e)(2)(B), the Complaint will be dismissed.

I. BACKGROUND[1]

   A. Facts Underlying This Action

On December 6, 2017, Philip Eldred was arrested and taken to the Atlantic County Prosecutor's Office for questioning relating to the death of Caroline Boothby. ECF No. 1, p. 9. Eldred gave a recorded statement to Detective Price blaming Plaintiff for providing the narcotics which resulted in Boothby's death. Id. As a result, Plaintiff was charged with Boothby's death. Id.

Plaintiff blames Detective Price for his "very suggestive" and coercive questioning of Eldred, which "did not allow Eldred to give his own version of what [led] to [Boothby's] death," and Eldred's attorney Shur, who "was present during Eldred's second interview and allowed his client to lie" Id. at p. 10, ¶¶ 2, 4, p. 14. According to Plaintiff, Eldred, Shur, and Price know the identity of the individual who actually provided Boothby the drugs (Plaintiff does not identify that individual, one of Price's confidential informants). Id. at pp. 13-14.

Plaintiff also claims that in a subsequent interview in 2018, Eldred disclosed the identity of the individual from whom

---

[1] The Complaint's allegations are presumed to be true for screening purposes.

2

he actually purchased the drugs, but that Detective Price "beg[a]n speaking in code[] to let Eldred know that he should stop speaking about that individual." Id. at p. 14. Plaintiff claims that Defendants Law Offices of John J. Zarych and the Atlantic County Prosecutor's Office were aware of and permitted the unlawful conduct of Shur and Price, their respective employees. Id. at pp. 10-11, ¶¶ 3, 5.

Plaintiff seeks "an undisclosed amount of money" for slander and falsely labeling him as a murderer, and for time spent incarcerated and the loss of items lost in a storage unit. Id. at pp. 16, 24. Plaintiff claims that he suffered harm when his stepdaughter read about the false allegations through a news alert on her phone. Id. at p. 22. Plaintiff also claims that his continued incarceration caused or exacerbated his wife's health issues because his absence forced her to work two jobs. Id. at p. 24. Plaintiff also seeks Shur and Price's termination from their respective employment, and Shur's disbarment.

B. Other Actions filed by Plaintiff

On June 13, 2019, Plaintiff filed a § 1983 action against the Atlantic City Police Department, its Internal Affairs Department, and two ACPD officers, alleging illegal search and seizure, unlawful arrest, and failure to supervise and intervene stemming from a November 9, 2017 incident. Stokes v Loga, No. 19-cv-13713. On April 30, 2020, this Court permitted the

3

unreasonable search and seizure claim to proceed, granted leave to replead the false arrest claim, and dismissed without prejudice the claims against the ACPD and Internal Affairs Department. Stokes v. Loga, No. 19-cv-13713, 2020 WL 2092842, at *4 (D.N.J.).

On June 26, 2019, Plaintiff filed a second § 1983 action alleging that Detective Price, a John Doe detective, and the Atlantic County Prosecutor's Office violated Plaintiff's Fifth Amendment rights by failing to provide a Miranda warning prior to questioning when the officers came to Plaintiff's house in October 2017. Stokes v. Price, No. 19-cv-14311. On December 17, 2019, this Court held that because Plaintiff ultimately succeeded in suppressing the statement obtained in violation of Plaintiff's Miranda rights, and therefore because the statement could not be used at trial, Plaintiff did not state a claim for relief. Stokes v. Price, No. 19-cv-14311, 2019 WL 6873388, at *2 (Dec. 17, 2019). However, the Court permitted Plaintiff to amend the complaint to assert additional facts supporting his false arrest and imprisonment claims. Id.

After Plaintiff filed a proposed amended complaint, this Court dismissed it on January 13, 2020, holding that "Plaintiff has given the Court no information about his arrest other than it was based on his statements to police." No. 19-cv-14311, ECF No. 6. The Court also dismissed new claims for seizure of

4

$1,200 from Plaintiff's pocket during his arrest, and various items lost in a storage unit and pawn shop during Plaintiff's incarceration, holding that Plaintiff "has failed to explain why New Jersey's state procedures to recover ... seized property, such as the ability to move in the criminal action for return of his property or the ability to file a separate action for a writ of replevin, are insufficient." Id. at p. 7. Finally, the Court dismissed Plaintiff's claims against the Atlantic County Prosecutor's Office and Prosecutor Damon G. Tyner, holding that Plaintiff did not meet the Iqbal pleading standard. Id. at pp. 7-8. The Court afforded Plaintiff a "final chance at amendment."

On October 20, 2020, this Court dismissed a proposed second amended complaint, holding that Plaintiff "still has not addressed the deficiencies in his false arrest or false imprisonment claims." Stokes v. Price, No. 19-cv-14311, 2020 WL 6144758, at *2 (D.N.J. Oct. 20, 2020) ("Plaintiff has given the Court no information about his arrest other than it was based on information contained in consensual overhears, allegedly in violation of the New Jersey Wiretap Act."). Plaintiff also repeated his earlier loss of property claim without addressing any deficiencies raised in the prior opinion. Id. at *3. This Court found that further attempts to amend would be futile, and therefore dismissed the complaint with prejudice for failure to

5

state a claim.  This was Plaintiff's first dismissal with prejudice.

On November 21, 2019, Plaintiff filed another § 1983 action (his third) against the Atlantic County Prosecutor's Office, Internal Affairs Section, and various Atlantic County law enforcement officials, alleging illegal search and seizure and false arrest on July 7, 2017.  Stokes v. Internal Affs. Section, No. 19-cv-20414, 2020 WL 241331 (D.N.J. Jan. 15, 2020).  On January 15, 2020, the Court dismissed the Complaint with prejudice on statute of limitations grounds.  Id., reconsideration denied, 2020 WL 1872979 (D.N.J. Apr. 15, 2020), and second reconsideration denied, No. 2020 WL 2537575 (D.N.J. May 19, 2020).  This was Plaintiff's second dismissal with prejudice.

On November 22, 2019, the same day that this action (Plaintiff's fourth) was filed, Plaintiff also filed his fifth § 1983 action, this time against Aramark Corporation and various Atlantic County Jail officials for alleged Eighth Amendment violations.  19-cv-20601, ECF No. 1.  On September 29, 2020, the Court dismissed that Complaint without prejudice for failure to state a claim, affording Plaintiff (and the other plaintiffs in that action) leave to file an amended complaint.  Stokes v. Aramark Corp., No. 19-cv-20601, 2020 WL 5793688, at *3 (D.N.J.).

The Court afforded Plaintiff two extensions to file an amended complaint on November 17, 2020 and January 12, 2021. 19-cv-20601, ECF Nos. 18, 22. In the January 21, 2021 Order granting a second extension, the Court explicitly stated that the second extension was the final one, and that the failure to submit a proposed second amended complaint by February 19, 2021 would result in dismissal with prejudice. 19-cv-20601, ECF No. 22. Upon Plaintiff's failure to comply, this converted to a third dismissal with prejudice.[2]

On November 25, 2019, Plaintiff filed a sixth action against various Atlantic County Jail employees alleging interference with Plaintiff's mail. Stokes v. Denson, 19-cv-20663, ECF No. 1. That action remains pending for screening purposes.

On December 6, 2019, Plaintiff filed a seventh action against Atlantic County Jail and related defendants alleging, in sum and substance, that an inmate services company discriminated

---

[2] This Court denied Plaintiff's February 16, 2021 request for a third extension of time to file an amended complaint. No. 19-cv-20601, ECF No. 23.

The Court finds Plaintiff's explanation that "[t]he prepared documents that I have will not be able to be mailed out until we are off [quarantine]" to be unavailing, as his continued ability to mail correspondence directly to the Court — including, as necessary to preserve the action, an amended complaint listing allegations — is evident from the numerous prior extension requests. Id. at ECF Nos. 17, 20, 21.

7

against Plaintiff and unlawfully denied him an attorney telephone call. Stokes v. Atl. Cty. Jail, No. 19-cv-21146. This Court dismissed those claims with prejudice on January 14, 2020. Stokes v. Atl. Cty. Jail, No. 19-cv-21146, 2020 WL 205841, at *3 (D.N.J.). This was Plaintiff's fourth dismissal with prejudice.

On December 10, 2019, Plaintiff filed an eighth § 1983 action against Atlantic City police officers alleging illegal search and seizure stemming from a July 8, 2017 traffic stop. Stokes v. Atl. Cty. Jail, No. 19-cv-21219. On February 20, 2020, this Court dismissed those claims on statute of limitations grounds, without prejudice as to Plaintiff's right to file arguments in favor of equitable tolling within 30 days. Stokes v. O'Neil, No. 19-cv-21219, 2020 WL 831126, at *2 (D.N.J. Feb. 20, 2020). Plaintiff did not file anything else on the docket; accordingly, that dismissal is now also with prejudice. This is Plaintiff's fifth dismissal with prejudice.

II. STANDARD OF REVIEW

The Prison Litigation Reform Act ("PLRA") requires district courts to review complaints in those civil actions in which a prisoner is proceeding in forma pauperis, seeks redress against a governmental employee or entity, or brings a claim with respect to prison conditions. See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

8

To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks omitted). "Court personnel reviewing pro se pleadings are charged with the responsibility of deciphering why the submission was filed, what the litigant is seeking, and what claims she may be making." See Higgs v. Atty. Gen. of the U.S., 655 F.3d 333, 339-40 (3d Cir. 2011) (quoting Jonathan D. Rosenbloom, Exploring Methods to Improve Management and Fairness in Pro Se Cases: A Study of the Pro Se Docket in the Southern District of New York, 30 Fordham Urb. L.J. 305, 308

(2002)). However, while pro se pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013).

III. DISCUSSION

    A. Section 1983 Claims Against Philip Eldred, Brendan Shur, and Law Offices of John J. Zarych

Plaintiff alleges, in sum and substance, that Eldred lied about purchasing drugs from Plaintiff in his interview, that Shur allowed Eldred to lie, and that Shur's employer, the Zarych Firm, should be held accountable for Shur's behavior. The claims will be dismissed without prejudice because they are asserted against private actors not acting under color of state law, and because any assertions of conspiracy between state and non-state actors are too vague.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution, or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

Nothing in the Complaint suggests that Eldred is anything other than a private actor. Nevertheless, private individuals may be liable under § 1983 if they have conspired with or engaged in joint activity with state actors. Mikhaeil v. Santos, 646 F. App'x 158, 162 (3d Cir. 2016). To demonstrate the existence of a conspiracy under § 1983, "a plaintiff must show that two or more conspirators reached an agreement to deprive him or her of a constitutional right under color of law." Laurensau v. Romarowics, 528 F. App'x 136 (3d Cir. 2013). To plead a conspiracy claim properly, a plaintiff must allege "facts that plausibly suggest a meeting of the minds." Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 179 (3d Cir. 2010). The complaint must not plead merely a "conclusory allegation of agreement at some unidentified point." Twombly, 550 U.S. at 557.

Here, however, Plaintiff does not adequately allege Eldred's willing participation in any conspiracy with state

11

actors. To the contrary, Plaintiff explicitly alleges that "Detective Price did not allow Eldred to freely speak of any truth[.] He [coerced] Eldred into agreeing that Eldred purchased [heroin] from [Plaintiff], instead of the individual [Price chose] to protect because he's a confidential informant." ECF No. 1, p. 14; Brown v. Madison Police Dep't, No. 03-C-177-C, 2003 WL 23095753, at *2 (W.D. Wis. May 15, 2003) allegation that respondents were "coerced" by law enforcement officer into making false statement is "not compatible with a conspiracy claim") (citing Brokaw v. Mercer County, 235 F.3d 1000, 1016 (7th Cir. 2000)). Accordingly, the § 1983 claims against Eldred will be dismissed without prejudice.

Likewise, Plaintiff's claims against Shur and the Zarych Firm must also be dismissed. Attorneys, whether private or appointed, do not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. Steward v. Meeker, 459 F.2d 669 (3d Cir. 1972) (privately-retained counsel does not act under color of state law when representing client); Polk Co. v. Dodson, 454 U.S. 312, 325 (1981) (a public defender performing a lawyer's traditional functions as counsel to a defendant, such as determining trial strategy and whether to plead guilty, is not acting under color of state law); Thomas v. Howard, 455 F.2d 228

(3d Cir. 1972) (court-appointed pool attorney does not act under color of state law).

Moreover, the claims must also be dismissed because they are vague and conclusory. Eaves v. Walker, No. CV 17-886, 2017 WL 5514310, at *3 (W.D. Pa. Nov. 6, 2017), report and recommendation adopted, No. CV 17-886, 2017 WL 5499964 (W.D. Pa. Nov. 16, 2017) (citing Olsen v. Idaho St. Bd. of Med., 363 F.3d 916, 929 (9th Cir. 2004) ("To state a claim for conspiracy to violate constitutional rights, the plaintiff must state specific facts to support the existence of the claimed conspiracy.")). For example, Plaintiff alleges that Shur "used his influence[] and personal involvement to lead this circus[, and] knew the identity of the individual [who sold the decedent drugs]." Id. at p. 13. The claims against the Zarych Firm are yet more vague: that Plaintiff is convinced that the Zarych Firm closely monitored the case and allowed Shur to allow Eldred to lie because the case "was high[ly] publicized." Id. To the extent Plaintiff seeks to allege that Shur and the Zarych Firm are themselves state actors, or conspired with state actors, the allegations are insufficient to meet the minimum pleading standards and, accordingly, will be dismissed without prejudice.

B. Section 1983 Claims Against the ACPO

Plaintiff's allegations against the ACPO are limited to its alleged support and oversight over Detective Price; no other

13

facts specific to the ACPO are alleged. ECF No. 1, pp. 14, 23. "When [New Jersey] county prosecutors engage in classic law enforcement and investigative functions, they act as officers of the State." Coleman v. Kaye, 87 F.3d 1491, 1505 (3d Cir. 1996). Accordingly, they are entitled to Eleventh Amendment immunity. Woodyard v. Cty. of Essex, 514 F. App'x 177, 182 (3d Cir. 2013) (holding that county prosecutor's office was entitled to immunity where plaintiff alleged that the prosecutor's office violated his Fourth Amendment rights by arresting and detaining him maliciously and without probable cause after obtaining evidence against him while investigating a murder and presenting that evidence to a grand jury); see also Williamson v. Atl. Cty. Superior Ct., No. 12-7345, 2013 WL 1934517, at *1 (D.N.J. May 8, 2013) (The ACPO is an "arm of the state," and is thus not a "person" within the meaning of § 1983) (citing Will v. Michigan Department of State Police, 491 U.S. 58 (1989)). Thus, the claims against the ACPO will be dismissed with prejudice.

    C.    Section 1983 Claims Against Detective Price

Plaintiff alleges that Detective Price coerced Eldred into identifying Plaintiff as the dealer who sold Caroline Boothby the drugs that killed her to protect the identity of Price's confidential criminal informant. ECF No. 1, p. 14. Plaintiff appears to assert claims for false arrest or malicious prosecution.

14

To state a claim for false arrest, a plaintiff must establish: "(1) that there was an arrest; and (2) that the arrest was made without probable cause." James v. City of Wilkes-Barre, 700 F.3d 675, 680 (3d Cir. 2012). To state a claim for false imprisonment, a plaintiff must establish: "(1) detention; and (2) that the detention was unlawful," which can be "based on an arrest made without probable cause." Id. at 682-83 (citing Wallace v. Kato, 549 U.S. 384, 389 (2007)).

"To prevail on a malicious prosecution claim under section 1983, a plaintiff must show that: (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." White v. Brown, 408 F. App'x 595, 599 (3d Cir. 2010).

In Heck v. Humphrey, the Supreme Court held that before a § 1983 plaintiff may "recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," he must first "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized

15

to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" 512 U.S. 477, 486–87 (1994). "Under Heck, where success in a § 1983 action would necessarily imply the invalidity of a conviction or sentence, an individual's suit for damages or equitable relief is barred unless he can demonstrate that his conviction or sentence has been invalidated." Bressi v. Brennen, 823 F. App'x 116, 119 (3d Cir. 2020), cert. denied, No. 20-7001, 2021 WL 1072419 (U.S. Mar. 22, 2021). "If the conviction has not been invalidated, the claim is not cognizable under § 1983 and must be dismissed." Id.

No matter the precise claim Plaintiff attempts to assert, they share the same operative facts and allegations: Petitioner was unlawfully arrested and detained based on a false statement from Eldred induced by Detective Price. If Plaintiff were prosecuted on the murder charges, depending of course upon other evidence at trial, Plaintiff's defense (that he never sold drugs to the decedent) would necessarily invalidate any charges. Such claims are Heck-barred. Jones v. Mermon, 507 F. App'x 100, 103 (3d Cir. 2012) (Heck barred false arrest claim where "[the defendant's] allegation that the criminal complaint against him and his arrest were false implicate[d] the validity of his conviction...."); Gofan v. Pereksta, No. CV 16-8559, 2018 WL 3105425, at *10 (D.N.J. June 25, 2018) (plaintiff's false arrest

16

claim alleged lack of probable cause to arrest him for handgun possession because he did not possess a handgun); Greene v. Perez, No. 2:13-5493, 2016 WL 3063865, at *2 (D.N.J. May 31, 2016) ("In this case, Greene's false arrest and false imprisonment claims do implicate the validity of his conviction because they are premised on the theory that Greene did not commit the crimes that have landed him in prison."); Brenner v. Twp. of Moorestown, No. 09-219, 2011 WL 1882394, at *6 (D.N.J. May 17, 2011) ("Because Plaintiff pled guilty to obstructing the administration of law—the very same offense that Officers Mann, Jr. and Pascal arrested him for—a finding that the officers lacked probable cause would necessarily invalidate Plaintiff's guilty plea. Therefore, Heck forecloses Plaintiff's false arrest claim."). Accordingly, the claims against Detective Price will also be dismissed without prejudice.

    D.    Defamation Claims

Plaintiff appears to allege that Eldred's false statements (and Shur's tacit approval of those statements) harmed Plaintiff's reputation when, among other things, Plaintiff's stepdaughter learned about the criminal allegations through a local news notification sent to her phone. ECF No. 1, p. 22. Plaintiff appears to be asserting a defamation claim.

Statements made to a police officer to assist in the prevention or detection of a crime are protected from liability

17

in defamation proceedings if the statements are made without malice. Myers v. Med. Ctr. of Delaware, Inc., 105 F. App'x 403, 409 (3d Cir. 2004). However, whatever the statements' veracity or motivation, the statute of limitations for defamation and false light is one year from the statement's publication. N.J. Stat. Ann. § 2A: 14-3; see also Johnson v. Peralta, 599 Fed. App'x. 430, n.1 (3d Cir. 2015) (stating that "§ 2A:14-3 applies to all false light and defamation claims"). Here, Plaintiff's Complaint was filed on November 22, 2019, nearly two years after Eldred was interviewed by Price about the subject allegations. Accordingly, any defamation claim is time-barred, and will therefore be dismissed with prejudice.

> E. Other State Law Claims

To the extent that Plaintiff may also assert state law claims other than defamation, the only potential basis for jurisdiction over such state-law claims would be supplemental jurisdiction pursuant to 28 U.S.C. § 1367. When a court has dismissed all claims over which it had original federal question jurisdiction, it has the discretion to decline to exercise supplemental jurisdiction over the remaining state-law claims. See 28 U.S.C. § 1367(c)(3). Because the federal claims have not survived the initial screening process, the Court declines to exercise supplemental jurisdiction over any state-law claims.

18

F. <u>Three Strikes</u>

The PLRA established certain financial requirements for prisoners who are attempting to bring a civil action <u>in forma pauperis</u>.³ The PLRA contains a "three strikes" provision that "prohibits a prisoner from proceeding IFP in a civil action or on appeal if, on three or more prior occasions, he has brought an action or appeal while incarcerated or detained that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted . . . ." <u>Millhouse v. Sage</u>, 639 F. App'x 792, 793 (3d Cir. 2016) (citing 28 U.S.C. § 1915(g)).

As discussed above, Plaintiff has had at least three qualifying dismissals, without record of any appeal, though the Supreme Court has long held that "[a] prior dismissal on a statutorily enumerated ground counts as a strike even if the dismissal is the subject of an appeal. That, after all, is what the statute literally says." <u>Coleman v. Tollefson</u>, 135 S. Ct. 1759, 1763 (2015). <u>Accord</u> <u>Parker v. Montgomery Cty. Corr. Facility/Bus. Office Manager</u>, 870 F.3d 144, 152 (3d Cir. 2017). Accordingly, for future filings, Plaintiff may not proceed <u>in</u>

---

³ "'Prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

19

forma pauperis unless he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).  "[A] prisoner may invoke the 'imminent danger' exception only to seek relief from a danger which is 'imminent' at the time the complaint is filed." Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001).

IV. CONCLUSION

For the above reasons, the Court will dismiss the Complaint without prejudice.  An appropriate order follows.


Dated: May 25, 2021                    s/ Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.