```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW JERSEY
```

GEORGE W. STOKES,                    No. 19-cv-20600 (NLH)(MJS)

        Plaintiff,

  v.                                 OPINION

PHILIP ELDRED, et al.

        Defendants.

APPEARANCES:

George W. Stokes
C/O Brandy Wood
6044 Hoover Drive
Mays Landing, NJ 08330

    Plaintiff pro se

HILLMAN, District Judge

    Plaintiff George Stokes, a pre-trial detainee at Atlantic County Jail, filed a complaint against Philip Eldred, a New Jersey state inmate; Brendan Shur, Eldred's criminal defense attorney; the Law Offices of John J. Zarych, Shur's employer; Atlantic City Detective Eric Price; and the Atlantic County Prosecutor's Office.  ECF No. 1.  The Court dismissed the complaint without prejudice for failure to state a claim and permitted Plaintiff to submit an amended complaint for this Court's review.  ECF No. 7.

    Plaintiff now submits a proposed amended complaint that is a combination of previously dismissed complaints and claims.

ECF No. 8. The Court shall dismiss the proposed amended complaint for failure to state a claim. Plaintiff will have a final opportunity to submit a complaint that can pass this Court's review under § 1915 before the complaint is dismissed with prejudice.

I.   BACKGROUND

On December 6, 2017, Defendant Philip Eldred was arrested and taken to the Atlantic County Prosecutor's Office for questioning relating to the death of Caroline Boothby. ECF No. 1 at 9. Defendant Eldred gave a recorded statement to Defendant Detective Price blaming Plaintiff for providing the narcotics which resulted in Boothby's death. Id. As a result, Plaintiff was charged with Boothby's death. Id.

Plaintiff alleged Defendant Price conducted his interview of Defendant Eldred in a "very suggestive" and coercive manner, and "did not allow Eldred to give his own version of what [led] to [Boothby's] death." Id. at 10. Defendant Shur, Defendant Eldred's attorney, "did not advise his client how damaging lying on someone can be." Id. at 14. According to Plaintiff, Defendants knew the identity of the individual who provided Boothby the drugs but Defendant Price "did not allow Eldred to freely speak of any truth . . . because [the alleged real provider was] a confidential informant." Id. Plaintiff further alleged that that Defendants Law Offices of John J. Zarych and

2

the Atlantic County Prosecutor's Office were aware of and permitted the unlawful conduct of Defendants Shur and Price, their respective employees. Id. at 13, 15.

On May 25, 2021, this Court dismissed the complaint for failure to state a claim. ECF No. 7. It permitted Plaintiff to file a proposed amended complaint. Id. Plaintiff subsequently submitted a 155-page proposed amended complaint, ECF No. 8, and the Court reopened the matter for screening under 28 U.S.C. § 1915.

II. STANDARD OF REVIEW

The Prison Litigation Reform Act ("PLRA") requires district courts to review complaints in those civil actions in which a prisoner is proceeding in forma pauperis, seeks redress against a governmental employee or entity, or brings a claim with respect to prison conditions. See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014)

(quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).  However, while pro se pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013).

III. DISCUSSION

Plaintiff's original complaint alleged that "Eldred lied about purchasing drugs from Plaintiff in his interview, that Shur allowed Eldred to lie, and that Shur's employer, the Zarych Firm, should be held accountable for Shur's behavior." Stokes v. Eldred, No. 19-cv-20600, 2021 WL 2103256, at *4 (D.N.J. May 25, 2021).  The Court concluded Plaintiff had failed to state a claim under § 1983 and dismissed the complaint without prejudice.  ECF No. 7.  In light of Plaintiff's pro se status, the Court permitted Plaintiff to submit a proposed amended complaint "addressing the concerns expressed in the accompanying

4

Opinion as to the causes of action dismissed without prejudice." Id.  However, Plaintiff took advantage of the opportunity to submit a 155-page document containing a plethora of claims that are largely duplicative of previously filed complaints, including some that were dismissed with prejudice by this Court. See Stokes, 2021 WL 2103256, at *1-3 (describing Plaintiff's other actions).

For example, Plaintiff alleges Defendants entered Plaintiff's room in Atlantic City's Fox Manor Hotel "without a warrant, or permission, while I was asleep, and begin to unlawfully search" the room and Plaintiff's person in July 2017. ECF No. 8 at 13.  The Court dismissed a substantially similar claim with prejudice on January 15, 2020.  Stokes v. Internal Affs. Section, No. 19-20414, 2020 WL 241331, at *2 (D.N.J. Jan. 15, 2020) ("[Plaintiff] states that he was in his room at the Fox Manor Hotel on July 7, 2017 when members of the Special Investigation Section entered his room while he was sleeping.") (dismissing with prejudice and denying leave to amend), reconsideration denied, 2020 WL 1872979 (D.N.J. Apr. 15, 2020), and reconsideration denied, 2020 WL 2537575 (D.N.J. May 19, 2020).  As another example, Plaintiff alleges newly added Defendants Kov and O'Neill pulled Plaintiff's motorcycle over, purportedly for "not wearing a helmet," and proceeded to conduct an unconstitutional search.  ECF No. 8 at 85-86.  The Court

5

dismissed this claim with prejudice in Stokes v. O'Neil, No. 19-21219 (D.N.J. May 25, 2021) (ECF No. 8).[1]  As a final example, Plaintiff alleges that Defendant Dodson "lied about why I was pulled over, 'using' the smell of marijuana as – to search my vehicle.  No marijuana was found in the vehicle, But testified the reasons for searching the trunk was because the 'marijuana' smell got stronger."  ECF No. 8 at 40.  Plaintiff raised this exact claim against Defendant Dodson in a prior complaint that was recently dismissed for lack of prosecution.  Stokes v. Loga, No. 19-13713 (D.N.J. dismissed Apr. 26, 2022) (ECF No. 17).  The inclusion of duplicative claims in the proposed amended complaint exceeds the scope of the Court's order and are subject to dismissal for that reason alone.

Moreover, the newly added claims are barred by the statute of limitations.  Section 1983 complaints are governed by New Jersey's limitations period for personal injury and must be brought within two years of the claim's accrual.  See Wilson v. Garcia, 471 U.S. 261, 276 (1985); Dique v. New Jersey State Police, 603 F.3d 181, 185 (3d Cir. 2010).  "Under federal law, a

---

[1] The Court originally dismissed the complaint without prejudice based on the statute of limitations and failure to state a due process deprivation of property claim.  Stokes v. O'Neil, No. 19-21219, 2020 WL 831126, at *2 (D.N.J. Feb. 20, 2020).  The Court invited Plaintiff to submit arguments in favor of equitable tolling and inadequate post-deprivation procedures within 30 days.  Id.  Plaintiff did not respond, so the Court dismissed the complaint with prejudice on May 25, 2021.

6

cause of action accrues 'when the plaintiff knew or should have known of the injury upon which the action is based.'" Montanez v. Sec'y Pa. Dep't of Corr., 773 F.3d 472, 480 (3d Cir. 2014) (quoting Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009)). All of Plaintiff's "new" claims concern events ranging from 2017 to late 2018, so his July 20, 2021 proposed amended complaint is barred by the statute of limitations unless it relates back to the original complaint that was filed on November 22, 2019. See Ali-X v. All the Emps. of the Mail Room Staffs, No. 12-3147, 2016 WL 5660459, at *2 (D.N.J. Sept. 28, 2016) ("[A]s none of the new claims are based on facts that have only just been learned . . . the claims in the [second amended complaint] are barred by the statute of limitations unless they relate back to the original complaint.").

"An amendment to a pleading relates back to the date of the original pleading when the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out — or attempted to be set out — in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). "The Supreme Court has cautioned that courts should not interpret 'conduct, transaction, or occurrence' in such a broad manner so as to construe essentially all amendments as permissible under the relation-back doctrine." United States v. Santarelli, 929 F.3d 95, 101 (3d Cir. 2019). "[A]pplication of Rule 15(c)(1)(B) normally entails a 'search

7

for a common core of operative facts in the two pleadings. Importantly, however, Rule 15(c) is not merely an 'identity of transaction test,' such as the rules governing joinder of claims or parties." Glover v. F.D.I.C., 698 F.3d 139, 145 (3d Cir. 2012) (quoting Bensel v. Allied Pilots Ass'n, 387 F.3d 298, 310 (3d Cir. 2004); 6A Charles Allen Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1497 (2010)). "Thus, only where the opposing party is given 'fair notice of the general fact situation and the legal theory upon which the amending party proceeds' will relation back be allowed." Id. at 146 (quoting Bensel, 387 F.3d at 310).

"The underlying question is whether the original complaint adequately notified the defendants of the basis for liability the plaintiffs would later advance in the amended complaint." Meijer, Inc. v. Biovail Corp., 533 F.3d 857, 866 (D.C. Cir. 2008). Here, the answer is no. Plaintiff named five defendants in his original complaint and made allegations about the arrest and subsequent interrogation of Defendant Eldred on December 6, 2017 and an unknown date in 2018. See generally ECF No. 1. Plaintiff's proposed amended complaint names 20 defendants and makes claims ranging from warrantless searches and seizures and traffic stops to discovery disputes and Atlantic City policies about searching hotels. "[W]here the original pleading does not give a defendant 'fair notice of what the plaintiff's [amended]

8

claim is and the grounds upon which it rests, the purpose of the statute of limitations has not been satisfied and it is 'not an original pleading that [can] be rehabilitated by invoking Rule 15(c).'" Glover, 698 F.3d at 146 (second and third alterations in original) (quoting Baldwin Cty. Welcome Ctr. v. Brown, 466 U.S. 147, 149 n.3 (1984)).  "[F]actual overlap alone is not enough, because the original complaint must have given fair notice of the amended claim to qualify for relation back under Rule 15(c)."  Id. at 147.  Plaintiff's "new claims", i.e., those not raised in the original complaint, are barred by the statute of limitations and subject to dismissal for failure to state a claim.

As for claims that were presented in the original complaint, Plaintiff has not remedied the deficiencies noted by the Court when it dismissed the original complaint.  Plaintiff's allegations against Defendants Eldred, Shur, and the Zarych Firm were dismissed because they are not state actors and there were insufficient facts to reasonably infer a conspiracy with state actors Defendants Price and the Atlantic County Prosecutor's Office.  "To demonstrate the existence of a conspiracy under § 1983, 'a plaintiff must show that two or more conspirators reached an agreement to deprive him or her of a constitutional right under color of law.'"  Laurensau v. Romarowics, 528 F. App'x 136, 140 (3d Cir. 2013) (quoting Parkway Garage, Inc. v.

9

City of Phila., 5 F.3d 685, 700 (3d Cir. 1993), abrogated on other grounds by United Artists Theatre Circuit, Inc. v. Twp. of Warrington, 316 F.3d 392 (3d Cir. 2003)).  A properly-pled conspiracy claim "requires a complaint with enough factual matter (taken as true) to suggest that an agreement was made. Asking for plausible grounds to infer an agreement . . . simply calls for enough fact to raise a reasonable expectations that discovery will reveal evidence of an illegal agreement." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007).  "[A]n allegation of parallel conduct and a bare assertion of conspiracy will not suffice."  Id.  See also Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 179 (3d Cir. 2010).

 Plaintiff alleges Defendant Shur "allowed his client, Philip Eldred to lie on me slandering my name, concerning the death of Caroline Boothby, guns and [Defendant Eldred's] heroin addiction, leading up to Eldred's arrest."  ECF No. 8 at 22. Plaintiff alleges Defendant Shur allowed Defendant Eldred to state that a recovered firearm belonged to Plaintiff when he "knew his client [Defendant] Eldred owned guns and ammunition" despite being on probation, and "painted Stokes in a vicious light, minimizing his clients' responsibility for the death of Caroline Boothby, and his own addiction, and illegal Drug sales."  Id. at 23, 25.

10

Plaintiff asserts Defendants knew Plaintiff was not involved with Boothby's death, but "[t]o tip the scale of justice to weigh heavy in Stokes' favor, Detective Eric Price, led Philip Eldred into saying, that Eldred received the fatal dose from Stokes." Id. at 26. "Everyone played a strastedgic [sic] role in seeing that Stokes carried the heavier weight of this case, even if they had to lie." Id. at 29. Accepting these facts as true and giving Plaintiff the benefit of all reasonable inferences, it is possible to infer Defendants Eldred, Shur, and Price agreed to frame Plaintiff for Boothby's overdose.[2] See Brokaw v. Mercer County, 235 F.3d 1000, 1016 (7th Cir. 2000). However, a conspiracy claim cannot proceed at this time because Plaintiff has not satisfied the second element.

Plaintiffs argues Defendants conspired to violate his due process rights through malicious prosecution. The Supreme Court recently defined "the elements of the malicious prosecution tort as follows: (i) the suit or proceeding was 'instituted without any probable cause'; (ii) the 'motive in instituting' the suit 'was malicious,' which was often defined in this context as without probable cause and for a purpose other than bringing the defendant to justice; and (iii) the prosecution 'terminated in

---

[2] This inference could not extend to Defendant Zarych Firm because there is no respondeat superior liability under § 1983. Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) (noting "vicarious liability is inapplicable to . . . § 1983 suits").

11

the acquittal or discharge of the accused.'" Thompson v. Clark, 142 S. Ct. 1332, 1338 (2022) (quoting T. Cooley, Law of Torts 181 (1880)). For the final element, "[a] plaintiff need only show that the criminal prosecution ended without a conviction." Id. at 1341. Plaintiff has failed to state a malicious prosecution claim because he has not alleged that the criminal charges ended without a conviction; therefore, his conspiracy claim must be dismissed because "there is no surviving underlying claim upon which to ground a claim of conspiracy." Poteat v. Lydon, No. 5:21-CV-03117, 2022 WL 1607457, at *7 (E.D. Pa. May 20, 2022); see also Clayworth v. Luzerne Cnty., Pa., 513 F. App'x 134, 138 (3d Cir. 2013) (affirming dismissal of § 1983 conspiracy claim because plaintiff "failed to establish an underlying violation of his constitutional rights").

Plaintiff again claims that Defendants defamed him, but the Court dismissed this defamation claim with prejudice in its previous order. "[T]he statute of limitations for defamation and false light is one year from the statement's publication. Here, Plaintiff's Complaint was filed on November 22, 2019, nearly two years after Eldred was interviewed by Price about the subject allegations. Accordingly, any defamation claim is time-barred, and will therefore be dismissed with prejudice." Stokes, 2021 WL 2103256, at *7 (internal citations omitted).

Finally, Plaintiff has not pled failure to supervise claims against the Atlantic County Prosecutor's Office or the Zarych Firm.  Zarych Law Firm is a private entity, and attorneys do not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.  Steward v. Meeker, 459 F.2d 669, 670 (3d Cir. 1972).  Plaintiff alleges the Atlantic County Prosecutor's Office failed to investigate his claims about Defendant Price.  ECF No. 8 at 74.  "[A] plaintiff alleging failure-to-supervise, train, or discipline must show that said failure amounts to deliberate indifference to the constitutional rights of those affected."  Forrest v. Parry, 930 F.3d 93, 106 (3d Cir. 2019).  Plaintiffs may show deliberate indifference through facts that indicate "a supervisor failed to adequately respond to a pattern of past occurrences of injuries like the plaintiff's," or "that the risk of constitutionally cognizable harm was 'so great and so obvious that the risk and failure of supervisory officials to respond will alone' support the finding that the two-part test is met."  Beers-Capitol v. Whetzel, 256 F.3d 120, 136-37 (3d Cir. 2001) (citing Sample v. Diecks, 885 F.2d 1099 (3d Cir. 1989)).  Plaintiff has not pled enough facts for the Court to make a reasonable inference that the Atlantic County Prosecutor's Office was deliberately indifferent under either method.

13

The Court will dismiss the proposed second amended complaint without prejudice and grant Plaintiff a final opportunity to amend his complaint.  The proposed second amended complaint will be subject to this Court's review under § 1915 prior to service.  Failure to submit a proposed second amended complaint within the time set by the Court will result in dismissal with prejudice under § 1915(e)(2)(B)(ii).

IV. CONCLUSION

For the above reasons, the Court will dismiss the amended complaint without prejudice.  An appropriate order follows.


Dated: June 2, 2022                s/ Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.